Sarah E. Jordan, Appellee, v. St. Louis, Springfield & Peoria Railroad Company, Appellant.

1. CARRIERS—*injury to passenger.* Where a passenger was injured by another passenger being thrown upon her in an alleged jerk of the train, and the evidence is conflicting and uncertain, the finding of the jury of the cause of action proved, approved by the trial judge, is upheld.

2. DAMAGES—*excessive verdict.* Seven hundred dollars *held* excessive and remittitur to four hundred ordered where plaintiff, a woman of sixty-eight, sustained bruises incapacitating her for about one month.

Jordan v. St. L., S. & Peoria R. Co., 176 Ill. App. 436.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

GRAHAM & GRAHAM, for appellant; GEORGE W. BURTON, of counsel.

SMITH & FRIEDMEYER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Sarah E. Jordan brought suit against the St. Louis, Springfield and Peoria Railroad Company to recover for personal injuries sustained by her while a passenger on a car of defendant. She recovered a verdict for seven hundred dollars on which judgment was rendered. The defendant appeals.

The declaration alleges that while plaintiff was a passenger riding from Chatham, a station on said railroad, to the City of Springfield, when the car approached the Woodside station, and the car was running at a high rate of speed, the conductor called the name of the station and thereby invited passengers to prepare to leave the car; that the car was then operated at a high and dangerous rate of speed upon and over a curve or over a switch connecting to the track, and that a passenger, while passing along the aisle, in response to the call of the conductor, was by reason of a violent lurch of the car thrown against the plaintiff and seriously injured her.

It is urged (1) that the negligence is not proved by the greater weight of evidence, and (2) that the damages awarded are excessive. The evidence shows that the conductor called the name of Woodside station as the car approached it, and that a man passing along the aisle, while the car was moving, fell against the plaintiff, while she sat in a seat in the car, and injured her to some extent. There is evidence that something unusual together with the speed, caused a sudden jerk

or lunge of the car, which threw a passenger in the aisle against the plaintiff. There is also evidence that there was no jerk or lunge of the car. There is some uncertainty as to the exact locality where the injury occurred, but there was a curve in the track and a switch connection in the neighborhood where the injury was received. In this state of the evidence we cannot say that the jury were not justified in finding that the cause of action was proved as alleged, when the finding was approved by the trial court.

The accident happened May 24, 1911. Two physicians who had treated plaintiff testified concerning the extent of her injuries. One of them saw her the day of the injury and the following day. He found some of the muscles on the left side bruised, and stated that in his judgment all difficulty from the injury would disappear within a month. The other examined her the second day after the injury. He testified that he found no discoloration, no redness, and no swelling, although she complained of a great deal of pain; that he continued to treat her until June 18th; that she suffered but little pain after May 29th, and on June 18th she was free from pain and able to get about the house; that he then quit treating her because his visits were no longer necessary and that in his judgment every indication or result of this injury should disappear within a week of June 18th. The plaintiff is a housewife sixty-eight years of age. It is shown by the evidence of neighboring women that she began helping to do the housework about a month after she was injured and to do her washing within two or three months thereafter, although plaintiff and members of her family testify to the weakness of plaintiff down to the time of the trial, yet she was not treated by any physician after June 18th.

We are constrained to the conclusion from the evidence in this record, that the damages awarded plaintiff are clearly excessive. The defendant has already paid her doctor's bills; if the plaintiff shall within

five days remit from the judgment all damages in excess of four hundred dollars it will be affirmed for that sum, appellee to pay the costs, otherwise it will be reversed and the cause remanded.

*Reversed and remanded.*