## Gertrude Wimmer, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,767.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917. Rehearing denied May 10, 1917.

### Statement of the Case.

Action by Gertrude Wimmer, plaintiff, against the Chicago Railways Company, defendant, to recover damages for personal injuries sustained while alighting from one of defendant's street cars. From a judgment for plaintiff for $6,400, defendant appeals.

For the decision on a former appeal, see 185 Ill. App. 523.

JOSEPH D. RYAN and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

ALBERT H. MEADS and LESLIE J. AYER, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 476*—*when finding of jury as to occurrence of accident to alighting passenger is sustained by evidence.* In an action by a woman passenger against a street car company to recover for personal injuries, where the plaintiff, as the sole witness in her own behalf as to the accident, testified that she was thrown from the car through its jolting while she was on the rear platform preparatory to alighting, and the conductor testified that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wimmer v. Chicago Railways Co., 205 Ill. App. 426.

car did not give a jolt and that notwithstanding the car was going at the rate of twelve to fifteen miles an hour, and the signal had been given for the car to stop at the crossing west of where the accident occurred, plaintiff deliberately walked off the car in about the middle of the block, and the testimony of the only other witness to the actual occurrence contradicted plaintiff as to the jolting of the car, but was not reliable, *held* that the version of the plaintiff was the more reasonable and that the finding of the jury, who had an opportunity to see and hear the witnesses, would not be disturbed.

2. DAMAGES, § 110*—*when verdict for permanent injuries is not excessive.* A verdict for $6,400 in favor of a woman who was thrown from a street car, *held* not excessive, where it appeared that plaintiff sustained a fracture of the arm, and immediate efforts to set it resulted in failure; that thereafter plaintiff was admitted to a hospital where she was operated on and remained eleven days; that the arm was then in a cast for five weeks and thereafter was carried in a sling; that after nine months plaintiff, on attempting to resume her work of stenography and bookkeeping, was unable to do so because of soreness in the arm; that she was unable to do any work for the succeeding seventeen months, with the exception of two weeks, and, at the time of the trial, six years after the accident, she was unable to lift her arm above her shoulder, and the movement of the arm was restricted and the injured arm was shorter and otherwise smaller than the other arm, and there was permanent atrophy of the muscle.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.