JOHN HAMMOND, BY EVELYN HAMMOND, HIS NEXT FRIEND, AND EVELYN HAMMOND, APPELLANTS, v. JOSEPH WACKER, RESPONDENT.

Argued October 23, 1930—Decided May 18, 1931.

For the appellants, *Quinn, Parsons & Doremus* (*John J. Quinn* and *Theodore D. Parsons*, of counsel).

For the respondent, *McCarter & English* (*George W. C. McCarter*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought by an infant plaintiff (hereinafter referred to as the plaintiff), by his mother, as next friend, and by his mother individually, to recover damages for personal injuries suffered by the plaintiff, and for necessary expenses incurred by his mother, who supported him, alleged to have been caused by the negligence of the defendant, the driver and owner of a school bus.

At the first trial verdicts were rendered for the plaintiffs; but they were set aside by the Supreme Court on rule to show cause.

At the second trial, upon substantially the same evidence, the trial judge directed a verdict in favor of the defendant; and this is the plaintiffs' appeal from the consequent judgment.

Of course, in reviewing the legal propriety of the direction of a verdict for the defendant, the court must consider the evidence in the light most favorable to the plaintiffs.

So considered we have this situation: The defendant operated an auto bus under a contract with the board of education of a municipality which required him to carry pupils to and from a high school. The plaintiff was one of the pupils so carried for a period of three years. He was twelve years old. The accident happened at the corner of Port Monmouth road and Ocean avenue. The auto bus was then on its way to the high school, and one of its regular stops, as plaintiff well knew, was on the far corner of the intersecting street. At that corner sixteen boys and girls, including the plaintiff had collected, waiting the arrival of the bus. Plaintiff saw it approaching and, instead of waiting until it came to a standstill at its regular stopping place, he went across the intersecting street. Without the defendant's knowing it, or having reason to know it, the plaintiff "ran by the side of the bus and grabbed hold of the handles and jumped on" the step below the open door at the side of the bus as it was rolling slowly to its regular stopping place. At that instant the bus swung towards its usual stopping place at the curb, and lurched as it went off the concrete to the gravel shoulder of the road, and plaintiff lost his grip and fell and was injured.

The defendant and his witnesses stoutly denied that the door was open and denied that there was any lurch, but, of course, for the purpose of this discussion we accept the plaintiffs' version.

We think that there was no evidence of negligence upon the part of the defendant.

The defendant did nothing that a reasonably prudent man in his position would not have done, and he left nothing undone that a reasonably prudent man in his position would have done.

Though plaintiff argues to the contrary, it is quite clear that, under the circumstances of the present case, negligence of the defendant cannot be predicated upon the fact (if it be the fact) that the bus was traveling with the door open. That

was not the proximate cause of the accident. The defendant was not engaged in the general transportation of passengers, but rather was engaged in the limited business of transporting under contract school children from certain usual stopping places to the high school. There is no evidence that he knew, or had reason to know, that the plaintiff was attempting to board his bus while it was proceeding to its regular stopping place, and before it stopped. There is not the slightest evidence that the defendant saw the plaintiff in the act of attempting to board the bus, and the defendant's uncontradicted testimony is that he did not, and so the relative situation of the parties at the trial clearly indicates. The cases relied upon by the plaintiff differ materially from the present case and are not in point. *Kelly* v. *Consolidated Traction Co.,* 62 *N. J. L.* 514, was a case in which the plaintiff was entering a standing car on the wrong side. The car was started by the conductor, who saw the plaintiff in the act of boarding, and it was the starting of the car which threw the plaintiff to the ground. *Schmidt* v. *North Jersey Street Railway Co.,* 58 *Atl. Rep.* 72 (also relied upon by the plaintiff), was a case in which the trolley car slowed down almost to a standstill, and then, while the plaintiff was in the act of stepping on, the motorman called to him to take the next car, and immediately put on the power, throwing the plaintiff off.

It is also quite clear, contrary to the contention of the plaintiff, that negligence of the defendant cannot be predicated upon the lurch of the bus (if it did lurch) as it passed slowly off the concrete to the gravel shoulder of the road. It was quite proper and necessary for the bus to draw up to its regular stopping place. There was no evidence that the movement or so-called "lurch" of the bus was anything more than the normal and usual and necessary result of reaching the regular stopping place at the curb. *Faul* v. *North Jersey Street Railway Co.,* 70 *N. J. L.* 795. The plaintiff argues that the plaintiff was safely aboard the bus when he was thrown off. That contention is ill-founded in fact. He was clinging to the step and handles of the moving bus and fell off while attempting to board the bus.

There being no evidence upon which the alleged negligence of the defendant could be predicated, the verdict for the defendant was properly directed.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMP-BELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.