9 So.2d 882

## WEEMS v. ROBBINS et al.

### 6 Div. 976.

Supreme Court of Alabama.

Oct. 8, 1942.

F. F. Windham, of Tuscaloosa, for appellant.

John R. Bealle, of Tuscaloosa, for appellees.

BOULDIN, Justice.

Action for personal injuries to a small school boy resulting from contact with a moving school bus entering the school grounds to transport the school children to their homes after school hours.

The driver of the bus, and his employer, under contract to transport the school children, were sued. The complaint counted upon the negligence of the driver in the operation of the bus. There was verdict and judgment for defendants.

■ The plaintiff, eight years of age, testified he was hit by the bus while standing still looking in the other direction. Defendants' evidence was to the effect that the little boy undertook to swing onto the passing bus, lost his hold, and fell. This issue was clearly for the jury. On appeal, the point is made that the driver was negligent under his own testimony, or so obviously negligent that a new trial should have been granted on the ground that the verdict was opposed to the great weight of the evidence, &c.

Evidence tended to show the accident happened before the bus reached the point in the school grounds where it was to stop and receive the school children for passage; that school boys from time to time intercepted the bus as it came into the grounds, swung onto it until it came to a stop. The pertinent evidence of the driver was to effect that he had been driving the bus about a month, that he saw this child as he passed him some five to six feet clear of the bus, did not see him attempt to get hold of the bus; that his view was obstructed so that he could not see children mount the bus at the rear; that he had slowed down to some ten miles per hour; stopped immediately when children cried out, and found the child on the ground, ministered to him, etc.

On cross-examination the driver said: "Those children come out and catch the truck near the black top every afternoon. As many would catch it as could I couldn't see them after they caught it. I knew when I got down there that they had gotten on, I didn't have them stop, I didn't ever stop. I just kept going and if they hung on alright, and if they didn't alright. They had no business getting on there. I didn't know they were on it."

On rebuttal, he said: "When I did catch these boys trying to catch on to my bus I cautioned them not to do that, they never did catch it with my permission."

■ ■ A child eight years of age is prima facie not chargeable with contributory negligence. There was no evidence to show unusual knowledge or training with reference to hazards of this sort. The real issue was negligence on the part of the driver as a proximate cause of the injury. Jones v. Strickland, 201 Ala. 138, 77 So. 562; Alabama Great Southern R. Co. v. Snodgrass, 201 Ala. 653, 79 So. 125; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779; Warble v. Sulzberger Co., 185 Ala. 603, 64 So. 361; 46 C. J. pp. 1003–1007, § 554.

■ It does not follow that the driver of the bus was an insurer of the safety of the child against his own act.

■ A sense of danger from impact with a moving bus is not wanting in a school child eight years of age. While not chargeable with contributory negligence as one of greater maturity, the question of negligence of a third person, the driver in this case, cannot be declared wholly apart from the child's freedom to act inviting or avoiding danger which natural instinct suggests.

The evidence does not disclose any regulations, defining whose duty it was to see these boys lined up at the proper place or prevent them from swinging to the bus while in motion.

■ Dealing with the evidence in the record, the driver being advised of the habit of boys to swing onto the bus out of

his sight, was under duty to exercise reasonable care to avoid injury.

 The situation would suggest a warning, unless warning had proved useless. Slowing down and bringing the movement of the bus under control would seem to be an apparent duty. Seeing this little boy standing clear, with no indications of a purpose to mount the bus, yet in position where his urge to follow the larger boys may have been anticipated, it became a question for the jury to determine whether reasonable care required a special warning to him, or other steps to prevent injury. It cannot be said as matter of law the bus driver was under duty to assume control over the children on the school grounds awaiting transportation.

We conclude the issues were for the jury.

Another point is raised by exception to a portion of the court's oral charge. It is insisted the instructions touching contributory negligence on the part of the child were conflicting, and present reversible error. Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 So. 4; Ham Turpentine Co. et al. v. Mizell et al., 215 Ala. 143, 110 So. 372.

The court said:
"Now, the Court charges the Jury that in a case of this kind where a boy is of the age of this boy is shown to be under the evidence, he is presumed not to be capable of contributory negligence. * * * In this case, Gentlemen, the child of this age, unless he is proven to have judgment and a mind of much stronger and more judgment and care than the average of his age, then is presumed prima facie not to be guilty of contributory negligence. * * *

"Now, the defendant claims that although this child may not be guilty of contributory negligence that it was the negligence of the child that resulted in the injury and not from the negligence of Ira Dockery. They claim that it wasn't merely contributory negligence, but it was the act of the child that caused the injury and of course, as I told you in the beginning, the burden is on the plaintiff to reasonably satisfy you from the evidence that first, of course, that the child was injured and that this defendant, Ira Dockery, was guilty of some negligence resulting in the injury, and if that is proven from the evidence and to a reasonable satisfaction of the Jury; then, it would be the duty of the Jury to find a verdict for the plaintiff."

These instructions were quite in keeping with the law as above announced. If the use of the expression "negligence of the child" may be considered misleading, when read in connection with the whole, this called for an explanatory charge. Charges 1 and 3 given at plaintiff's request were direct and adequate in this regard.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.