James Robert Van Cleave, Minor, by Robert Van Cleave, Father and Next Friend, Plaintiff-Appellee, v. Illini Coach Company, Defendant-Appellant.

Gen. No. 9,756.

Opinion filed May 31, 1951. Rehearing denied September 4, 1951. Released for publication September 4, 1951.

Busch & Harrington, of Champaign, for appellant; W. Kenneth Porter, of Champaign, of counsel.

C. E. Tate, of Champaign, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff filed a complaint alleging that the defendant was a common carrier of passengers in the State of Illinois and was in possession and in control of a school bus carrying students to the Dunham School in Champaign county, Illinois; that the plaintiff was of the age of six years; that for a long time prior to the accident in question children on the school bus engaged in various childish activities; that it was the duty of the defendant to exercise the highest degree of care consistent with the practical operation of its bus in carrying school children.

The complaint further alleged that the defendant negligently and carelessly operated the school bus; negligently and carelessly failed to provide any other person than the bus driver upon the bus to manage and control the bus and to supervise the children and, as a result of such failure, one of the children ran into, struck, pushed and shoved the plaintiff.

The complaint further alleged that the defendant negligently and carelessly propelled said bus forward suddenly while one of the pupils was standing in the aisle of said bus so that said pupil was thrown forward and struck the plaintiff.

The defendant filed an answer denying the allegations of the complaint.

The case came on for hearing and the jury returned a verdict in the sum of $10,000, which was reduced by $5,000 by the entering of a remittitur of $5,000.

Defendant's motions for directed verdict, for judgment notwithstanding the verdict and for new trial

were all denied. Defendant appeals from this judgment.

Both defendant and plaintiff spent many pages in their briefs arguing the question of whether or not the defendant was a common carrier or a private carrier. The evidence showed that the defendant was engaged in operating interstate bus service, intrastate service, charter operations and contractual operations of school busses. The evidence also showed that the defendant had a contract with the school district in question for the transportation of pupils.

We do not deem it to be controlling whether the defendant was a common carrier or a private carrier, for it is our opinion from the facts in this case that it was the duty of the defendant to operate the bus with the highest degree of care consistent with the practical operation of the bus.

We know of no previous decision in Illinois on this subject, but the degree of care required in the operation of a school bus was decided by the Supreme Court of the State of Washington in 1945 and reported in the case of *Webb v. The City of Seattle,* 157 P. (2d) 312, 158 A. L. R. 810. In that case the court said:

"In this connection it must be borne in mind that those who convey children to and from school must exercise toward them the highest degree of care consistent with the practical operation of the conveyance."

█ We believe that this sets up the proper standard of care and that those engaged in the transportation of school children should be held to exercise the highest degree of care.

Plaintiff relies mainly on the allegations of his complaint that the defendant negligently and carelessly propelled said bus forward suddenly while one of the pupils was standing in the aisle, so that said pupil was thrown forward and struck the plaintiff.

The plaintiff testified that he was sitting on the bus when the bus stopped and Allen Campbell, a boy of about his age, boarded the bus. The following evidence then appears in the record, and the plaintiff is testifying in response to a question by his counsel as to what happened thereafter:

"A. Well, the bus was moving real slowly and then he (Allen Campbell) kind of hit me and it moved real fast and threw him on top of me."

. . .

"Q. And will you tell the jury when you say he was slung against you, can you describe whether it was easy or hard or how it was.

"A. It was kind of hard."

The bus driver testified for the defendant that the children were all seated before he started the bus at the stop in question and that no accident was reported to him.

There are numerous witnesses for both the plaintiff and the defendant, but there were actually only the two witnesses who testified to the alleged lurching of the bus—the plaintiff and the bus driver.

██ Defendant contends that under these conditions that the verdict is against the manifest weight of the evidence. With this we cannot agree. It is our opinion that this was sufficient evidence to allow the case to go to the jury and sufficient upon which to sustain the allegations of the complaint.

There are many other cases in which the court has held that it was a question for the jury as to whether or not the lurching of a public conveyance was the cause of injury to the plaintiff. In the case of *Jordan v. St. Louis, S. & P. R. Co.*, 176 Ill. App. 436, the only witness who testified as to the lurching of the train was the plaintiff. Other witnesses testified to the contrary. The court held that this was sufficient evidence of negligence to take the case to the jury.

In the case of *Wimmer v. Chicago Railways Company,* 205 Ill. App. 426, plaintiff was the sole witness in her own behalf and the court held that the finding of the jury would not be disturbed.

In the case of *Kaldunski v. Chicago City Ry. Co.,* 250 Ill. App. 475, the court held that where there is an unusual lurch or jerk of the car upon which a person is riding as a passenger, it is a question for the jury as to whether or not the accident was caused by the negligent operation.

We believe that it was a question for the jury in this case and that the finding of the jury should not be upset.

Defendant maintains that the plaintiff was impeached by his deposition taken before trial. This was purely a question for the jury. Apparently they did not think the deposition impeached the plaintiff.

We deem it unnecessary to determine whether or not the defendant should have supplied guards upon the bus to supervise the children.

There was some evidence that prior to the accident in question there had been rough-housing by the children and a course of conduct which might have been expected to result in injury, but in view of the fact that the evidence supports the other theory of the case upon which the plaintiff proceeded, we deem it unnecessary to decide the legal question as to the duty of the defendant to provide guards.

The evidence showed that the plaintiff suffered a fracture of the cervical spine; that he was in the hospital from January 26th to February 16th with day and night nurses; that he was six years of age at the time of the injury; that while he was in the hospital he involuntarily voided, was nervous and hysterical and surrounded with sandbags part of the time; that after he left the hospital he had to wear a halter over his head with weights attached, and was in a body cast and

131

a back brace for a long period of time. The doctor further testified that he would have to be checked up once or twice a year until he was grown. The evidence further showed that there had been incurred on his behalf the sum of $1,400 in medical and hospital bills.

■ Under these circumstances we do not believe that the amount of the verdict was excessive.

Complaint is made of prejudicial remarks of the attorney for the plaintiff. The attorney for the plaintiff said:

"None of us can foretell the future, but this is the only time that this boy, until he becomes—until he is in his grave, this is the only time, this is the only time in his lifetime that he can ask to have a jury fix the amount of money damages to take care of him."

And counsel further stated:

"There can't be anything fixed a year from now, or a year and a half, or ten years from now, and this is 1950. Let us look into the future, just fifteen years, to the year 1965."

Objection to this latter line of argument was sustained by the court.

■ We do not believe that these remarks were prejudicial as there was evidence tending to show that the plaintiff would need medical attention until 1965.

We have examined the instructions given on behalf of the parties and do not believe that there was any error.

The judgment of the circuit court of Champaign county should be affirmed, and it is so ordered.

*Judgment affirmed.*