HAWKINS COUNTY, TENNESSEE, Petitioner,

*v.*

MARY DAVIS, a minor, by next friend, Jessie Davis, and Jess I. Davis, Respondents.

391 S.W.2d 658.

(*Knoxville,* September Term, 1964.)

(May Session, 1965.)

Opinion filed June 2, 1965.

JAMES O. PHILLIPS, JR., Rogersville, PHILLIPS & HALE, Rogersville, of counsel, for petitioner.

TOM H. ROGAN, Rogersville, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The parties will be referred to according to their status in the Trial Court. The minor plaintiff, Mary Davis, who was 17 years old at the time of the trial, sued the defendant, Hawkins County, for injuries alleged to have been

sustained by her on March 1, 1963, when she slipped and fell from the top step to the bottom step of a school bus owned and operated by the defendant County. Her declaration alleges that it was raining the morning of the accident and that the windshield of the bus was not properly sealed and allowed water to enter the interior of the bus over the dash of the bus and onto the floor. She alleges that on her way to school, when she went to alight from the bus, she slipped on the wet slick area at the top of the top step to the bus, lost her balance, and slipped to the bottom step, twisting her left leg and knee and causing her serious and permanent injuries. The plaintiff Jess I. Davis, the father of the minor plaintiff, sued the defendant for medical expenses and loss of services of his minor daughter. The cases were tried together to a jury, which returned verdicts for the plaintiffs.

The defendant's motion for new trial was overruled, and it perfected its appeal to the Court of Appeals, where the judgments of the Trial Court were affirmed. The defendant filed a petition for certiorari in this Court, which we have granted, and the cause has been argued at the bar of this Court.

The declaration alleges, and it is admitted, that the defendant carries liability insurance, pursuant to T.C.A. sec. 49-2214, in excess of the amount of the judgments, so no question of the non-liability of the County in tort in the performance of a governmental function is involved. *Rogers v. Butler,* 170 Tenn. 125, 92 S.W.2d 414; *Marion County v. Cantrell,* 166 Tenn. 358, 61 S.W.2d 477; *Wilson v. Maury County Board of Education,* 42 Tenn. App. 315, 302 S.W.2d 502.

The question presented is what is the duty of care owed by the County to pupils being transported to and from school in the County school bus. The Trial Judge charged the jury:

"* * * the law puts the duty upon the Defendant County of exercising the highest practical degree of care for the safety of these school children".

The Trial Judge then gave the jury almost verbatim the same charge which was held proper in an action against a common carrier in *Yellow Cab Co. v. Teller,* 9 Tenn.App. 416, 417. The Trial Judge further charged the jury:

"A carrier such as Hawkins County, as shown, by motor bus is charged with the responsibility of keeping the vehicle free from refuse, material, mud, water, and things likely to cause harm to passengers."

The first assignment of error in the Court of Appeals considered by that Court was that the Trial Judge erred in charging the jury that the defendant was required to exercise the highest practical degree of care. The Court of Appeals held that the charge of the Trial Judge correctly stated the duty of care owed by the defendant to the plaintiff. In so doing, the Court of Appeals adopted in large measure the opinion of that Court in *Cartwright v. Graves,* 19 C.C.H.Auto.Cas. 59. In Cartwright, this Court granted certiorari. *Cartwright v. Graves,* 182 Tenn. 114, 184 S.W.2d 373. In deciding the Cartwright case, this Court stated:

"We are called upon to declare the measure of care which the law exacts of the driver of a school bus for the safety of young children entrusted to him for transportation." 182 Tenn. at 117, 184 S.W.2d at 374.

The opinion of the Court of Appeals in *Cartwright v. Graves,* shows that the Trial Judge in that case charged the duty of care of the school bus driver to be reasonable and ordinary care, for, in the Court of Appeals opinion in Cartwright, it is stated that the Trial Judge:

"* * * charged the jury that if the defendant discovered or by the exercise of reasonable care and precaution could have discovered that the truck 'was coming and was not stopping and was not going to stop, then it was the duty of the defendant as the driver of the bus to act under those circumstances, to act as any ordinarily prudent person would act, if he saw or could have seen that the truck was not going to stop.' "

In holding that the evidence in *Cartwright v. Graves* made an issue for the jury, this Court stated:

"* * * the record shows without contradiction that he saw the danger in abundant time to have called to and warned the child, which he did not do, and this obligation to warn was imperatively demanded as an essentrial incident of his *duty to exercise every reasonable care for her safety.*" (Emphasis supplies) 182 Tenn. at 133, 184 S.W.2d at 380.

Also, in Cartwright, this Court quoted with approval from *Tipton v. Willey,* 47 Ohio App. 236, 191 N.E. 804, in part, as follows:

"* * * It was negligent for such driver to direct the boy to alight, and to afford him the opportunity to step in front of approaching traffic, *without exercising ordinary care* to ascertain whether the way was safe or not and to advise the child accordingly." (Emphasis supplied) 131 of 182 Tenn., 380 of 184 S.W.2d.

Further, in Cartwright, this Court stated:

"That a peculiar and special obligation arises out of the nature of the relationship of the driver of a school bus to the children entrusted to his care. Whether or not this be termed a 'high degree of care,' in the technical sense, it is generally held that this relationship demands a special care proportionate to the age of the child and its ability, or lack of it, to care for itself." 182 Tenn. at 128, 184 S.W.2d at 378.

■ Reasonable and ordinary care under the circumstances, when one of the circumstances is that the care of a child of tender years is entrusted to the school bus driver, requires that the driver exercise special care proportionate to the age of the child and its ability, or lack of ability, to care for itself.

In Cartwright, a six year old girl was injured when she collided with a truck while crossing the road immediately after alighting from the school bus. This Court, in Cartwright, was primarily concerned with when the duty of care of the bus driver terminated, and the Court held that the duty to exercise care for the safety of the child did not terminate when the child left the bus and, therefore, the bus driver should have foreseen that the child might be injured in crossing the road from the bus to her home. It was held that the exercise of care proportionate to the age of the child and its ability, or lack of ability, to care for itself required the school bus driver either not to allow the child to depart the bus when there was danger from traffic on the road, or to at least warn the child not to cross the road until the danger had passed.

■ If the defendant, Hawkins County, is a common carrier of passengers, then it owes the highest practical degree of care to the passengers. On the other hand, if Hawkins County is a private carrier, then it owes the duty of reasonable and ordinary care to the school children that it transports. In 13 C.J.S. Carriers sec. 530, it is stated:

"Public or common carriers of passengers, like common carriers of goods, are engaged in a public calling which imposes on them a duty to serve all without discrimination, as will be explained in sec. 538; and they owe to their passengers a degree of care and protection different from that which may be exacted of persons who do not thus hold themselves out as serving the public in such capacity." 13 C.J.S., at 1034.

"The distinction between a public or common carrier of passengers and a special or private carrier of the same is that it is the duty of the former to receive all who apply for passage, so long as there is room and no legal excuse for refusing, while such duty does not rest on the latter". 13 C.J.S., at 1036.

This same text defines a private carrier, as follows: ·

"A private carrier of passengers, is one who, without being engaged in such business as a public employment, undertakes to deliver passengers for hire or reward; one who agrees, by special agreement or contract, to transport persons from one place to another, either gratuitously or for hire." 13 C.J.S. Carriers sec. 531, p. 1036.

A case applying the distinction between the duty of care owed by a common carrier and a private carrier to the transportation of school children is *Hopkins v. Yel-*

*low Cab Co.,* 114 Cal.App.2d 394, 250 P.2d 330. In that case the Long Beach Unified School District entered into a contract with the defendant Cab Company to transport certain handicapped children to and from school in its taxicabs. The plaintiff was injured when the door of a cab opened and the plaintiff was precipitated to the street. The Trial Judge there charged the jury the Cab Company owed the duty to exercise the highest practical degree of care. In reversing the case because of this charge, the California Court stated:

"While the school board might have believed that it could contract with the Cab company to exert the highest degree of care in transporting the children, respondent has supplied no authority to support her contention that the facts of this case deserve to be adjudged by a rule different from that which has been continuously set forth in the appellate decisions, to wit: a school district is liable for only ordinary care in the transportation of its pupils to and from its schools and their homes. *Foster v. Einer,* 69 Cal.App. 2d 341, 347, 158 P.2d 978; *Shannon v. Central-Gaither Union School District,* 133 Cal.App. 124, 128, 23 P.2d 769, 770. The Shannon opinion declares that 'a bus which is operated only for the convenience of a particular school under the circumstances of this case is a mere private carrier, and that ordinary prudence for the safety of children under similar circumstances is all that is required of the district or the driver of the bus' * * *. The cited note [42 A.L.R., p. 855] declares that 'one who operates a bus or stage in accordance with the terms of a contract, for the benefit of a particular class, and not for the benefit of the public generally, is not a common carrier.' * * *

"In conference it was suggested that because the taxicab was a common carrier on the streets and highways of the state it may have retained its character on entering the service of the school district. * * * However, the current status of the law seems clearly to be that when a common carrier contracts to render a special service for a group of individuals or a public agency it thereupon becomes a private carrier. Such is the law as declared in a host of authorities from the United States SupremeCourt and from many federal and state courts." 250 P.2d at 332, 333.

The New Jersey Court, in holding that the driver of a school bus owed the duty to exercise reasonable and ordinary care under the circumstances for the safety of the school children, stated in *Hammond v. Wacker,* 107 N.J.Law 438, 154 A. 735:

"The defendant was not engaged in the general transportation of passengers, but rather was engaged in the limited business of transporting under contract school children from certain usual places to the high school." 154 A. at 736.

The New Mexico Court made an admirable statement of the rule in *Archuleta v. Jacobs,* 43 N.M. 425, 94 P.2d 706, as follows:

"It cannot be said, however, that the driver of a school bus may be held to no further duty than that of safely depositing his charge at the customary loading zone, when circumstances would indicate to a reasonably prudent person that a child of tender years might properly require the further precaution of supervision and direction in its departure from the vicinity of the stop. There can be no formula to fit all facts.

Efforts to devise one invariably bring us back to this simple statement of the rule: 'Ordinary care under the circumstances.' '' 94 P.2d at 709.

States, other than those referred to above, which have applied the rule of reasonable and ordinary care under the circumstances as being the duty owed in the operation of school buses are Alabama, *Weems v. Robbins,* 243 Ala. 276, 9 So.2d 882; Maryland, *Campbell v. Patton,* 227 Md. 125, 175 A.2d 761; New Hampshire, *Gaudette v. Mc-Laughlin,* 88 N.H. 368, 189 A. 872.

The text writers point out that there is a division of authority in this country on the question of the duty of care owed to a pupil in the operation of a school bus. See 4 Blashfield's Encyclopedia of Automobile Law and Practice, Perm. Ed., sec. 2177. In this Court's opinion in *Cartwright v. Graves,* supra, it is interesting to note that this Court quoted with approval the following from sec. 2177 of Blashfield:

"If the bus operator opens the door for children to alight, knowing that their path will take them across the road, in the face of an automobile which he knows or in the exercise of *ordinary care* should know, to be approaching, he cannot be said to be free from negligence as a matter of law." (Emphasis supplied) 182 Tenn. at 133, 184 S.W.2d at 380.

The opinion of this court in *Cartwright v. Graves* is cited in 78 C.J.S. Schools and School Districts sec. 322, p. 1338, as one of the authorities supporting the following statement:

"With respect to the degree of care which a driver is required to exercise, some authorities hold that it is

the driver's duty to use reasonable care or all reasonable precautions of ordinary care for the safety of the school children''.

That same text further states:

''According to other authorities, the operator of a school bus is treated as a carrier or passengers for hire and is required to exercise extraordinary care and diligence, or the highest degree of care consistent with proper operation of the bus.'' 78 C.J.S. Schools and School Districts sec. 322, p. 1338.

■ Had this Court, in *Cartwright v. Graves,* supra, intended to charge the operator of the school bus with the exercise of the highest practical degree of care, it would not have stated that the obligation to warn ''was imperatively demanded as an essential incident of his *duty to exercise every reasonable care* for her safety.'' (Emphasis supplied) By transporting the pupils in its school system to and from school, Hawkins County did not become a common carrier of passengers, but acted as a private carrier charged with the duty to exercise reasonable and ordinary care under the circumstances for the safety of the children in its school system being thus transported.

As stated, the Trial Judge also instructed the jury that the County was charged with the responsibility of keeping the vehicle free from refuse, material, mud, water, and things likely to cause harm to the passengers. This portion of the charge is also assigned as error in the petition for certiorari. It is urged that by this charge the Court placed the absolute duty on the County of keeping the vehicle free from mud, water, and other substances, which duty was impossible of performance on

a rainy day with school children entering the bus with mud on their shoes, rain blowing in the vestibule of the bus as the doors were opened for children to enter, and water falling from the children's coats as they entered the bus.

The plaintiffs assert that this charge was proper because the undisputed proof shows that the defendant, through its agents and employees, had actual notice that water had been leaking into the bus around the windshield for quite some time and did nothing to correct that condition.

The record shows that on the morning of the accident this bus had made one trip to the school prior to the time of plaintiff's accident and had transported about 55 children. The record further shows, from the testimony of the bus driver, that on a rainy morning the children tracked mud on and off the bus. The plaintiff, Mary Davis, testified as follows:

"Q. Now, whether you slipped on mud that had been tracked on the bus by pupils getting on or off, you don't know that, do you?

"A. It was something wet.

"Q. Something yet—as I say, whether it was mud or not you wouldn't know about that?

"A. No."

██ In the light of the facts shown in the record, the part of the charge now being considered cannot be deemed harmless error for the record shows the children tracked mud onto the bus, and the Trial Judge charged the jury it was the duty of the defendant to keep the vehicle free from mud and other substances. The duty of the defend-

ant was to exercise reasonable and ordinary care under the circumstances for the safety of the children in both the maintenance and operation of the bus.

It results that the judgments of the Court of Appeals and of the Circuit Court are reversed and the cause is remanded to the Circuit Court of Hawkins County for a new trial in conformity with the ruling of this Court. The costs of the appeal are adjudged against the plaintiffs. The costs in the Trial Court will abide the final determination of the causes.