ARKEMA, JR., Assistant Attorney General, for Respondent.

PER CURIAM.

(No. 6159—Claimant )

IDA ROSENTHAL, CLAIMANT, *vs.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed February 20, 1974.*

ROOT & ROOT, Attorneys for Claimant.

FRANK GLAZER AND JOHN PURNEY, Attorneys for Respondent.

PERLIN, C. J.

Claimant Ida Rosenthal has filed suit against the Board of Trustees of the University of Illinois, claiming damages in the amount of $8,650 for injuries received on June 20, 1970, on the premises of the assembly hall of the University of Illinois in Champaign, Illinois. On that date, Claimant was visiting the University to attend the graduation of her grandaughter. She entered the assembly hall building at approximately 9:30 a.m., accompanied by her husband, daughter, son-in-law and two grandchildren. She wore closed toe shoes with leather soles, and heels approximately one inch high. The lighting was good, the Claimant was wearing her glasses.

Claimant testified that she noticed that the corridor leading to the auditorium was highly waxed and polished. As she and her party approached a door leading from the corridor into the auditorium, her right foot slipped, and the toe of her left shoe caught in a depression in the floor. Claimant fell forward, striking her face, mouth and nose on the concrete floor.

After her fall, Claimant noticed that the area where she fell did not appear to have been polished as was the rest of the corridor. She described the floor as "splotchy", and said there were several grooves in the floor at the point where she fell. She described the indentation in which she caught her toe as being about two inches in diameter and from ¼ to ½ inches deep. She said that this indentation was filled with a spongy material that appeared to be unbuffed wax, and that after her fall her clothes, hands and purse were marked with a dark, waxy-like material.

Claimant's son-in-law, who witnessed the incident, testified that there were depressions in the floor where Claimant fell, and that the depressions were filled with a yellowish, slippery substance. He said that the area was slippery as compared with the rest of the corridor, and appeared not to have been buffed.

Claimant's grandson, who also witnessed her fall, also stated that the area was marked by depressions filled with wax.

The superintendent in charge of the assembly hall building on the date of the incident said that no wax had been used on the corridor, but that the corridor floor was treated with a sealer sometime prior to the graduation exercise. He said that the sealer, a white, milky liquid, was applied to the floor with a mop, and then buffed with a machine to a dry, glossy finish.

As a result of her fall, Claimant's mouth, gums and lip were cut. Two of her natural teeth were fractured and had to be surgically removed. A three tooth bridge which she was wearing at the time of the accident was broken, and had to be replaced. In all, Claimant incurred dental expenses totalling $1150.00.

At the onset, the instant situation must be distinguished from those cases holding that there can be no recovery for falling on a waxed floor merely because it is polished to a slippery gloss. Claimant's theory is that the Respondent's agents negligently and improperly applied a sealing substance to the floor, which resulted in Claimant's fall. This Claimant has proven by a preponderance of the evidence.

The record establishes that at the point where Claimant fell, the corridor floor was marked by indentations which were filled with a spongy, slippery, yellowish substance. This record further establishes that this portion of the corridor was slippery, and that the floor apparently had not been buffed. As Claimant slipped on the floor her left toe caught in one of the indentations, causing her to fall forward and to sustain injuries.

In *Dixon* v. *Hart*, 344 Ill. App. 132, 101 N.E. 2d 282, at 284, the Court said.

"We have concluded for an examination of the law in Illinois as well as in other jurisdictions that as a general proposition the mere treating of a floor with a subtance that gives it a polished surface is not negligence per se . . . The cases establish that some positive act of negligence must be shown before recovery can be had, such as: that an excessive quantity of polish must be used, that it was applied unevenly, that the floor had been freshly polished, and no warning given, that one section of the floor was waxed or oiled while the remainder was untreated, or that a floor was polished were people would step on it unexpectedly, . . ."

Claimant has succeeded in proving affirmative acts of negligence on the part of the agents of Respondents,

namely their permitting an accumulation of sealer to collect in depresuions in the corridor floor, and their failure to properly buff the area.

Respondents urge that the substance upon which Mrs. Rosenthal slipped has not been identified, and that there is therefore no evidence that it was placed on the floor by an agent of the Respondent. Respondents assert that Claimant must prove actual or constructive knowledge of the existence of the substance on the part of Respondents before they may be held liable. This argument is unsupported by the record, however, as the material upon which Claimant slipped was identified as floor sealer which could only have been put there by Respondent's agents. The superintendent of the assembly hall building testified that the corridor was regularly treated with a liquid sealer, which if properly buffed left a dry, glossy shine. The spot where Claimant fell had allegedly not been buffed, and although Claimant and her witnesses erroneously identified the substance as wax, the conclusion is compelling that sealer was allowed to accumulate in depressions in the floor, causing Claimant's accident.

Respondents also contend that Claimant was not free from contributory negligence. There is no evidence however, that Claimant was walking with undue haste. She was walking in a normal fashion, looking ahead, and she had a right to assume that the floor was reasonably safe and that she would be given warning of any hazardous condition. *Johnson* v. *Central Tile & Terrazzox Co.*, 59 Ill. App. 2d 262 (1965).

The Court has fully considered the extent of damage alleged by Claimant and the testimony of the two dentists who treated Mrs. Rosenthal.

Claimant is hereby awarded the sum of $3500.