ELIZABETH PAPPAS ZEDROS *vs.* KENNETH HUDSON, INC. April 14, 1981. While a junior at Malden High School, the plaintiff went on a class outing and travelled in a bus owned and operated by the defendant. When it was time for the return trip, the bus motor did not start. There was evidence that, at the bus driver's request, a group of students pushed the bus in order to enable the driver to "jump start" it. As the students pushed the bus from the rear, the bus backfired and the plaintiff, who was in back of the exhaust pipe, sustained a burn on her left thigh. A jury returned a verdict for the plaintiff in the amount of $13,000.

1. There was no error in the denial by the trial judge of the defendant's motion for a directed verdict. As a common carrier, the defendant owed the plaintiff a duty of utmost care. See *Quigley* v. *Wilson Line of Massachusetts, Inc.,* 338 Mass. 125, 128 (1958). Although the defendant is not obliged to foresee and to guard against improbable hazards, *ibid.,* and cases cited (see also *Rogers* v. *Cambridge Taxi Co.,* 317 Mass. 578, 580-581 [1945]), it is not necessary that the exact manner in which the negligent act causes the plaintiff's injury be foreseeable. *Ogden* v. *Aspinwall,* 220 Mass. 100, 103 (1915). *Leveillee* v. *Wright,* 300 Mass. 382, 389 (1938). *Rich* v. *Finley,* 325 Mass. 99, 102 (1949). *Altman* v. *Barron's, Inc.,* 343 Mass. 43, 47 (1961). Here the bus might have rolled backwards and caused injury, the plaintiff might have strained a muscle, or sustained respiratory or eye injury from exhaust. The fact that the bus driver may not have contemplated a backfire did not make the defendant any less negligent when he placed the plaintiff in a zone of danger. There was no evidence proffered by the defendant that push-starting a bus is a customary practice. *Kushner* v. *Dravo Corp.,* 339 Mass. 273, 277 (1959). In any event, that a practice is common only tends to show that it is not negligent; it is not conclusive of due care. *Upham* v. *Chateau DeVille Dinner Theatre, Inc.,* 380 Mass. 350, 354 (1980).

2. Because the defendant did not state the plaintiff's contributory negligence as a basis for the defendant's motion for a directed verdict, there was no requirement that the judge allow the motion on that ground. A party who advances one theory as a basis for a directed verdict at trial cannot challenge a denial of the motion on a different theory on appeal. *Uloth* v. *City Tank Corp.,* 376 Mass. 874, 882-883 (1978). Moreover, the record falls far short of establishing that the plaintiff "knew or by the exercise of reasonable diligence ought to have known of the possible consequences." *Hanley* v. *Boston Elev. Ry.,* 201 Mass. 55, 58 (1909). There was ample

basis for letting the question of contributory negligence go to the jury. *Joyce* v. *New York, N.H. & H.R.R.*, 301 Mass. 361, 363 (1938).

3. The various claims of error in the judge's instructions to the jury are not properly before us since the defendant made none of those objections before the jury retired to consider its verdict. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977).

4. There is no merit in the defendant's argument that the driver acted beyond the scope of his employment in asking the students to give him a push. The driver acted in furtherance of his master's business. See *Randolph* v. *Five Guys from Boston, Inc.*, 354 Mass. 730, 733 (1968), which involved the driver of an ice cream truck who asked boys to give him a push-start.

5. We need not pass on the correctness of the judge's refusal to allow a motion to amend the defendant's answer by adding the defense of assumption of the risk since the motion to amend and the grounds offered in its support do not appear in the record appendix. See *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 690-692 (1978). Parenthetically we note that the motion to amend was made at the commencement of trial, more than seven years after the declaration was filed in 1972. The judge acted well within his discretion. *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 291-292 (1977).

6. Claiming error in the denial of a motion for a new trial, the defendant, in addition to arguments rejected above, complains of improper closing argument by plaintiff's counsel and failure by the judge to give curative instructions. Closing argument was not recorded by the stenographer, nor was the transcription of closing argument requested by counsel. No objections were made to the closing argument. The issue is . not properly before us.

> *Judgment affirmed.*
> *Order denying motion for*
> *new trial affirmed.*

*John F. Cremens* for the defendant.
*Rebecca J. Wilson* (*Cynthia J. Cohen* with her) for the plaintiff.