581 F.Supp. 909 (1984)
Nancy GALLANT, a Minor by her Father and Next Friend, George GALLANT, and George Gallant and Elizabeth Gallant
v.
Roy GORTON, Jr. and McGregor-Smith Motor Company.
Civ.A.No. 82-2583-Z.
United States District Court, D. Massachusetts.
February 16, 1984.
*910 Edward J. McCormick II, Boston, Mass., for plaintiffs.
John P. Linehan, Boston, Mass., for defendants.

MEMORANDUM OF DECISION
ZOBEL, District Judge.
Defendant McGregor-Smith Motor Company, Inc. ("McGregor-Smith"), under an agreement with the Timberlane Regional School District of Plaistow, New Hampshire, transported plaintiff Nancy Gallant each Monday and Friday between her home in Plaistow and the American School for the Deaf in Hartford, Connecticut, where she was a student during the week. Ms. Gallant, a minor, is deaf and unable to communicate verbally. The complaint alleges that on one such trip, on April 10, 1981, while in Massachusetts, she was raped by her driver, defendant Ray Gorton, who was then an employee of McGregor-Smith. In the counts against McGregor-Smith Ms. Gallant and her parents raise claims for negligence, breach of warranty, seduction, and infliction of emotional distress.
Counts IV and V allege that McGregor-Smith negligently breached its duty to Nancy Gallant as a common carrier to provide her with safe transport. Counts VI and XI allege that the company breached the warranty which as a common carrier it made of the safety of its passengers to Nancy Gallant and her father George Gallant, respectively. McGregor-Smith has moved for summary judgment on those four counts of the complaint, on the ground that it was not acting as a common carrier at the time of the incident alleged in the complaint and is therefore not subject to the high duty of care imposed upon common carriers.[1]
According to the deposition testimony of Milton Smith, president of McGregor-Smith, the Bus Division of McGregor-Smith had about 80 vehicles in service during the 1980-81 school year, 30 of which were used to transport "special needs" students. Transporting school children was the regular business, indeed the only business, of the Division. During 1980-81 it transported about 2500 children to several different schools. It submitted bids for transportation to any schools in its local area which directly solicited such bids. Plaintiff does not dispute these statements.
The Supreme Judicial Court of Massachusetts has defined[2] a common carrier as "one who holds himself out as furnishing transportation to any and all members of the public who desire such service insofar as his facilities enable him to perform the service." In contrast, "a contract carrier does not furnish transportation indiscriminately but furnishes it only to those *911 with whom he sees fit to contract." Mt. Tom Motor Lines, Inc. v. McKesson & Robbins, Inc., 325 Mass. 45, 89 N.E.2d 3, 5 (1949). A carrier may be a common carrier as to one part of its business and a contract carrier in another part. Id. Whether a corporation is a common or a contract carrier depends on "the nature and character of the business actually conducted and the methods and means employed." First National Stores, Inc. v. H.P. Welch Co., 316 Mass. 147, 55 N.E.2d 200, 201 (1944).
Common carriers have traditionally been held to a higher standard of care than private carriers. "Under Massachusetts law the duty of a [common] carrier by rail to its passengers is to exercise reasonable care under the circumstances, and among those circumstances are the carrier's control over the passenger and the likelihood of serious consequences to the passenger in the event of the carrier's negligence. `Accordingly it is held that reasonable care under the circumstances is the highest degree of care  not the highest degree of care imaginable, but the highest degree of care that is consistent with the requirements of the public for speedy and inexpensive as well as safe transportation and with the practical operation of the business.'" Metropolitan Coal Company v. Johnson, 265 F.2d 173, 179-80 (1st Cir. 1959), quoting in part Carson v. Boston Elevated Railway Co., 309 Mass. 32, 35, 33 N.E.2d 701, 703 (1941).
Massachusetts courts have never directly addressed the question of whether those in the business of transporting children to and from school are common carriers. Jurisdictions which have decided the question have reached conflicting results. Some states have by statute or case held operators to the duty of common carriers as such. See Bruno v. Fontan, 338 So.2d 713 (La.App.1976) (school bus operators are common carriers with the duty to exercise the highest degree of care). Josephson v. Meyers, 180 Conn. 302, 429 A.2d 877 (1980) (state statute holds school bus operators to duty of common carrier). Others view such operators as contract carriers, held only to a duty of ordinary care. See Hopkins v. Yellow Cab Co., 114 Cal.App.2d 394, 250 P.2d 330 (1952) (taxi company which transported handicapped students under contract with the school district was a contract carrier rather than a common carrier with respect to those students). Accord, Hawkins County v. Davis, 216 Tenn. 262, 391 S.W.2d 658 (1965); Gaudette v. McLaughlin, 88 N.H. 368, 189 A. 872 (1937).
The majority of jurisdictions in addressing the issue do not rely on any characterization of the operator as common or contract carrier, but hold that operators of school buses must exercise reasonable care under the circumstances. Weems v. Robbins, 243 Ala. 276, 9 So.2d 882 (1942); Price v. Manistique Area Public Schools, 54 Mich.App. 127, 220 N.W.2d 325 (1974); Jackson v. Hankinson, 51 N.J. 230, 238 A.2d 685 (1968). Circumstances to be considered include the age of the passengers (given the lesser ability of young children to care for themselves, serious consequences may result from negligence by the carrier), and the control the carrier exercises over them. Johnson v. Svoboda, 260 N.W.2d 530 (Iowa 1977). Accord, Campbell v. Patton, 227 Md. 125, 175 A.2d 761 (1961); Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900 (1940); Hawkins County v. Davis, 216 Tenn. 262, 391 S.W.2d 658 (1965); Bridge v. Woodstock Union High School District, 127 Vt. 598, 255 A.2d 683 (1969).
Accordingly, reasonable care under these circumstances may be a higher standard of care than that required to avoid ordinary negligence. Davidson v. Horne, 86 Ga. App. 220, 71 S.E.2d 464 (1952) ("extraordinary care"); Mitchell v. Guilford County Board of Education, 1 N.C.App. 373, 161 S.E.2d 645 (1968) ("high degree of caution"); and may be identical to that required of a common carrier. Van Cleave v. Illini Coach Co., 344 Ill.App. 127, 100 N.E.2d 398 (1951), ("highest degree of care consistent with the practical operation of the bus"); accord, Webb v. City of Seattle, 22 Wash.2d 596, 157 P.2d 312 (1945); Lempke v. Cummings, 253 Wis. 570, 34 N.W.2d 673 (1948) (same definition).
The Massachusetts Appeals Court has adopted this reasoning holding a school bus *912 operator to a higher level of care in the one directly applicable Massachusetts case, Zedros v. Kenneth Hudson, Inc., 11 Mass. App. 1007, 418 N.E.2d 1279 (1981). Plaintiff, a junior in high school, went on a class outing in a bus owned and operated by defendant. When the bus would not start, at the driver's request plaintiff helped to push the bus, and while doing so, was burned by exhaust when the bus backfired. Affirming the trial court's denial of defendant's motion for a directed verdict, the court stated that: "As a common carrier, the defendant owed the plaintiff a duty of utmost care." Id. at 1280.
In accordance with Zedros, McGregor-Smith is to be held to the same standard of care as a common carrier on the facts of this case. It was in the business of transporting children to school; the handicapped children it transported had even less ability than ordinary children to care for themselves, and the operator's negligence therefore had the potential for causing particularly serious injuries.
Accordingly, defendant McGregor-Smith's motion for summary judgment on Counts IV, V, VI and XI of the complaint is denied.
NOTES
[1] The parties agree that Massachusetts law governs the issue. It is clearly the law in Massachusetts that one held to the duty of care of a common carrier is liable for the intentional torts of its employees, including assault upon passengers. Gilmore v. Acme Taxi Co., 349 Mass. 651, 212 N.E.2d 235 (1965); Jackson v. Old Colony Street Railway, 206 Mass. 477, 92 N.E. 725 (1910); Hayne v. Union Street Railway Co., 189 Mass. 551, 76 N.E. 219 (1905).
[2] McGregor-Smith is exempt from regulation by the Interstate Commerce Commission under the terms of the Federal Motor Carrier Act, 49 U.S.C. § 10526 (1983); and is likewise exempt from state regulation of common carriers by the language of Mass.Gen.Laws ch. 159A, § 11A. Statutory definitions of the term "common carrier" are not directly applicable here.