# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | |
|---|---|
| **FRANK B. CHADWICK, JR.,** ) | |
| ) | |
| Plaintiff/Appellant, ) | **Montgomery Circuit No. C8-608** |
| ) | |
| **VS.** ) | **Appeal No. 01A01-9504-CV-00166** |
| ) | |
| **CLARKSVILLE-MONTGOMERY** ) | |
| **COUNTY UNIFIED SCHOOL SYSTEM,** ) | |
| **and CLARKSVILLE-MONTGOMERY** ) | |
| **COUNTY UNIFIED SCHOOL BOARD** ) | |
| ) | |
| Defendants/Appellees. ) | |

**FILED**

**December 14, 2001**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE
THE HONORABLE JAMES E. WALTON, JUDGE

**Thomas N. Bateman**
**Robert T. Bateman**
**Bateman & Bateman, P.C.**
Clarksville, Tennessee
Attorneys for Appellant

**Lela M. Hollabaugh**
**Manier, Herod, Hollabaugh & Smith**
Nashville, Tennessee
Attorney for Appellees

**AFFIRMED**

**ALAN E. HIGHERS, JUDGE**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, JUDGE**

This is a negligence case in which the Plaintiff appeals from the trial court's finding

that Defendants did not breach their duty of care.

Plaintiff, Frank B. Chadwick, Jr., was in sixth grade at Montgomery Central Elementary School at the time of his injury on March 6, 1985. Plaintiff was participating in a basketball game with other children from his class when another student struck him in the eye while Plaintiff was trying to throw the basketball inbound. As a result of this blow, Plaintiff now suffers from double vision.

Ms. Quarles was the teacher in charge of recess in the gym where Plaintiff was injured. Plaintiff alleged that Ms. Quarles was not present in the gym at the time he was injured, while Ms. Quarles testified that she was present.

Plaintiff brought this action within one year of his reaching majority. He alleged in his complaint that the Defendants were negligent in failing to supervise and control the basketball game for two reasons. First, he argues that the Defendants were negligent because Ms. Quarles left the gym during recess. Alternatively, he contends that even if Ms. Quarles was in the gym at the time of the accident, she was negligent in failing to supervise and control the game.

The trial court, sitting without a jury, ruled in a memorandum opinion that the Defendants did not breach any duty owed to Plaintiff. Specifically, the court found that the Defendants did not prove by a preponderance of the evidence that the teacher was absent from the gym and therefore she did not breach her duty to supervise the children. (T.R. 93) Furthermore, the court held that even if Ms. Quarles had been present, she could not have prevented the accident. The court noted that this was an unfortunate, but unforeseeable accidental blow.

Pursuant to T.R.A.P. 13(d), we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Additionally, we note that the trial court's findings that are based upon its evaluation of the disputed

2

evidence and the credibility of the witnesses are given great weight by this Court and will not be overturned unless there is clear, concrete, and convincing evidence to the contrary. Weaver v. Nelms, 750 S.W.2d 158 (Tenn. App. 1987); W.F. Holt Co. v. A & E Electric Co., 665 S.W.2d 722, 733 (Tenn. App. 1983).

Appellant has raised only one issue on appeal: Whether the evidence preponderates against the trial court's finding that the Defendants did not breach their duty to supervise the students?

In the absence of special circumstances, the duty of care imposed upon school teachers is that of reasonable and ordinary care. Roberts v. Robertson County Board of Education, 692 S.W.2d 863, 870 (Tenn. App. 1985); Hawkins County v. Davis, 216 Tenn. 262, 267, 391 S.W.2d 658, 661 (1965). Teachers are not, however, insurers of the safety of their students, nor are they expected to supervise all activities of the students all of the time. Roberts, 692 S.W.2d at 870. Consequently, to hold for Plaintiff, we must find that Defendants breached their duty of reasonable and ordinary care. This, however, we cannot do.

Ms. Quarles testified that she was present in the gym and supervised recess at the time of the accident, while Plaintiff testified that she was not in the gym. Factual determinations that hinge upon the credibility of witnesses will not be disturbed absent clear and convincing evidence. Airline Construction, Inc. v. Barr, 807 S.W.2d 247, 264 (Tenn. App. 1990). In the case at bar, the evidence does not preponderate against the trial court's determination that Ms. Quarles was, in fact, in the gym.

Furthermore, there is insufficient evidence in the record indicating that the game was excessively rough or rowdy. Plaintiff's expert, Dr. Wayne Gulch, is an instructor of Health and Physical Education at University of Memphis. He testified that there are certain precautionary measures that can be taken to ensure the safety of children during recess; however, he said, accidents and injuries will often happen despite these

3

precautions. In this case, Dr. Gulch admitted, it is possible that the accident would have occurred even if his suggested precautionary measures had been implemented.

Based upon these facts, we do not find that the evidence preponderates against the trial court's conclusion that Defendants did not breach a duty to Plaintiff. The facts of this case simply fail to reveal any actionable negligence on the part of the school. It is apparent that Defendants took all precautions that an ordinarily reasonable and prudent person would have taken and Ms. Quarles' supervision of the children was adequate under the circumstances.

For the reasons stated herein, the judgement of the trial court is affirmed. Costs are assessed to the Plaintiff.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.