SHEILA WARE, APPELLANT, v. YELLOW CAB, INC., A CORPORATION, APPELLEE.

225 N. W. 2d 565

Filed February 13, 1975. No. 39589.

Donald B. Fiedler of Fiedler & Fiedler, for appellant.

Harold W. Kauffman and William J. Dunn of Gross, Welch, Vinardi, Kauffman & Day, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action by plaintiff for personal injuries sustained as a passenger in a taxicab. At the close of plaintiff's evidence on liability, the District Court sustained a motion by the defendant for a directed verdict and dismissed the action. Motion for new trial was overruled and plaintiff has appealed.

In the early afternoon of August 25, 1971, a clear, dry day, the plaintiff was a passenger in one of defendant's taxis enroute to her home on North 40th Street in Omaha, Nebraska. At a point near 40th and Bedford Streets, the driver of a car ahead of the taxi and going in the same direction stopped the car approximately in the middle of the street. The taxicab came up behind the other car and stopped a short distance behind it. The street inclined downwards in the direction from which both vehicles had come. The car in front began to back up. The taxi then backed up and both vehicles proceeded in reverse for a distance of some yards when the rear bumper of the car bumped the front bumper of the taxi. There was no other traffic on the street at the time and no obstacles present. There was no damage to either vehicle. The plaintiff passenger was thrown forward against the rear of the front seat of the cab.

Yellow Cab, Inc., is the sole defendant in this action. Allegations of negligence are that the driver failed to keep a proper lookout; failed to have the taxi under proper control; willfully placed the taxi into a position of danger; and operated the vehicle inattentively and with disregard for the safety of the plaintiff. The only allegation which might be said to relate to any specific act is an allegation that the defendant driver "stopped backing up and caused the other vehicle to strike his taxi cab."

Common carriers of passengers for hire are required to exercise the utmost skill, diligence, and foresight for the protection of their passengers, consistent with the business in which they are engaged. They are liable for the slightest negligence but they are not held to the strict liability of insurers. Lincoln Traction Co. v. Webb, 73 Neb. 136, 102 N. W. 258; Fielding v. Publix Cars, Inc., 133 Neb. 818, 277 N. W. 331. The mere fact that a collision has occurred does not create a presumption that the common carrier was guilty of negligence. See Knight v. Lincoln Traction Co., 127 Neb. 447, 255 N. W. 774.

Where the nature of the accident is such as to fairly raise a presumption of negligence, proof of such accident is sufficient, but where a presumption of negligence does not arise as a matter of law, the plaintiff must make proof of the negligent acts of the defendant on which he bases the cause of action. See Lincoln Traction Co. v. Webb, *supra*.

This is not a res ipsa loquitur case. Here, the only specific act of negligence pleaded by the plaintiff was that the driver of the taxicab stopped backing up. In effect plaintiff contends that the driver of a vehicle at rest, who backs up to avoid being struck from the front by another vehicle being negligently operated, is himself negligent if he does not avoid the collision. We can find no case which even remotely supports such a contention.

Prior to the submission of a cause to a jury, there is a preliminary question for the court to decide when properly raised, not whether there is literally no evidence, but whether there is any evidence upon which a jury can properly proceed to find a verdict for the plaintiff, upon whom the burden of proof is imposed. Bohling v. Farm Bureau Ins. Co., 191 Neb. 141, 214 N. W. 2d 381. In this case the sufficiency of the evidence on liability was properly raised by the motion to dismiss. The motion was properly sustained by the trial court and the judgment is affirmed.

AFFIRMED.