MARY WALKER, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (5th Division)    No. 79-2215

Opinion filed December 24, 1980.

Cooney & Stenn, of Chicago (James T. Newman, of counsel), for appellant.

Edward J. Egan and Roderick J. Bergin, both of Chicago Transit Authority, of Chicago (Dore & O'Toole, Ltd., of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals from a verdict directed for defendant at the close of all evidence. On appeal, she contends that (1) the trial court erred in granting defendant's motion for a directed verdict; (2) the evidence establishes that defendant was negligent in allowing the unnatural accumulation of water to remain on its premises; and (3) defendant had actual or constructive notice of the condition of its premises. We affirm the trial court.

On January 10, 1975, plaintiff boarded a CTA train and exited at the Parkside Avenue Station. It had rained most of the day, and as she descended the stairway, she noticed a large puddle of water at the bottom of the stairs. The entire station was wet due to water being tracked in by commuters, but the only place where there was a measurable accumulation of water was at the bottom of the stairs. As plaintiff attempted to walk through the water, she slipped and fell and sustained injuries.

Evidence disclosed that a depression at the bottom of the stairs caused water to accumulate. A CTA employee had swept away an earlier accumulation of water in the same spot that day and acknowledged that the area at the bottom of the stairs was a spot where water tended to settle.

At the close of all the evidence, the trial court granted defendant's motion for a directed verdict indicating that plaintiff failed to prove negligence as a matter of law. Plaintiff's motion for a new trial and to vacate the judgment on the directed verdict was denied.

OPINION

Plaintiff contends the trial court erred in granting defendant's motion for a directed verdict as the testimony created a jury question as to whether defendant allowed an unnatural accumulation of water on its

premises and as such was negligent where the water accumulated in an area where it knew that the floor was sloping and uneven. We find no basis to support this argument.

Verdicts may be directed only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504; *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 405 N.E.2d 1383.

■■■ A landowner's duty to an invitee is to exercise ordinary care in the use and maintenance of his property, but he has no duty and liability for injuries sustained as a result of the presence of naturally accumulated water. (See *Riccitelli v. Sternfeld* (1953), 1 Ill. 2d 133, 115 N.E.2d 288; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16.) In order for plaintiff to prevail, she must show that her injury occurred as a result of water "produced or accumulated by artificial causes or in an unnatural way or by defendant's own use of the area concerned and creation of the condition * * *." *McCann*, at 548.

Plaintiff relies on *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N.E.2d 534, and *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 2d 1011, 386 N.E.2d 495. In *Fitzsimons*, the court held that an unnatural accumulation existed where snow was placed away from the parking lot's drains at a position where it could melt and refreeze. In *Wolter*, plaintiff fell on ice that had allegedly formed in a parking lot due to defects in the pavement. The court held it was for the jury to decide whether the ice resulted from a natural or unnatural accumulation.

We believe that the trial court in the present case could make a determination that there was insufficient evidence as a matter of law which would show that an unnatural accumulation of water resulted from the defective nature of the floor at the bottom of the stairs. Plaintiff's own testimony establishes that it was a warm, rainy day. The whole station, in fact, was wet due to water being tracked in by other commuters. She has offered no facts which would allow a jury to find that the puddle of water inside the station was anything other than a natural accumulation due to the conditions of the weather that day. Plaintiff must make an affirmative showing of an unnatural accumulation before recovery will be allowed. *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031.

We next turn to plaintiff's contention that the evidence of the floor being sloping and uneven raised an issue of fact as to whether the accumulation of water was natural or unnatural. We disagree.

Plaintiff alleged in her amended complaint that defendant construc-

ted a slippery and uneven floor; however, no expert evidence was adduced at trial regarding this alleged defect. Instead, plaintiff offers the testimony of defendant's employee that there was a depression in the Parkside station where water tracked in that day settled. He had swept the water out of the station around 3:30 p.m., approximately one hour before the accident. There are no facts in evidence which suggest that the water was anything other than a natural accumulation. The depression could have presumably been created by commuter traffic exiting at the Parkside station and thus would not be considered "unnatural." (See *Erasmus v. Chicago Housing Authority*.) On the record the trial court could find that as a matter of law, the water in the station was a product of a natural accumulation and therefore there was no negligence in the maintenance or construction of the station. Our supreme court held in *Lansing v. County of McLean* (1978), 69 Ill. 2d 562, 372 N.E.2d 822, that a municipal corporation is not liable for injuries resulting from the general slipperiness of its property due to natural accumulations of ice and snow and is only bound to keep its property reasonably safe for the amount and kind of travel fairly expected—removal of ice and snow excepted. This holding would be equally applicable to our present situation.

Plaintiff's final argument that defendant had actual or constructive notice of the condition of its premises is not relevant considering the conclusion we have drawn thus far. Defendant's duty to ascertain hazardous conditions or warn of such is contingent upon the finding that the water resulted from an unnatural or artificial accumulation. Inasmuch as defendant is not liable for failure to clear up the natural accumulation of water, it was under no duty to warn of any hazards. *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80; *Newcomm v. Jul* (1971), 133 Ill. App. 2d 918, 273 N.E.2d 699.

For the foregoing reasons, we affirm the order of the trial court directing a verdict for defendant.

Affirmed.

LORENZ and MEJDA, JJ., concur.