MARY SERRITOS, Plaintiff-Appellant, v. THE CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (1st Division)   No. 86—0909

Opinion filed January 12, 1987.—Rehearing denied March 24, 1987.

Michael W. Rathsack, of Chicago, for appellant.

Hugh B. Arnold, Mark H. Mennes, and John J. Toomey, all of Arnold & Kadjan, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The plaintiff, Mary Serritos, filed suit against defendant, the Chicago Transit Authority (CTA), alleging that she had suffered personal injuries when she slipped and fell on the icy and snow-covered steps of a bus owned and operated by defendant. Subsequently, defendant moved for summary judgment. After a hearing, the trial court found that defendant, as a common carrier, did not have a duty to remove snow or slush from the steps of its buses or to warn its passengers of that condition. Because of that finding, the trial court entered summary judgment in favor of defendant. Plaintiff appeals, contending that the trial court erred in granting summary judgment for defendant since there existed a factual question as to whether defendant should have been required to remove snow and slush from the steps of its bus or at least to have warned plaintiff of that condition as she attempted to alight from the bus.

Plaintiff's complaint was filed on December 31, 1979. It alleged: that on January 2, 1979, plaintiff was a passenger and invitee on a bus, owned and operated by defendant, near the intersection of 39th Street, Rockwell Street, and Archer Avenue in Chicago; that at all times relevant thereto, plaintiff was in the exercise of ordinary care for her own safety and was free from contributory negligence; that at the time and place, defendant was a common carrier which owed to plaintiff a duty to use the highest degree of care consistent with the operation of its business as a common carrier; that at the time and place defendant knew or should have known of the presence of ice, snow, and slush on the steps of its bus; that at said time and place defendant committed one or more of the following acts or omissions, all of which were the proximate cause of injury to plaintiff:

"(a) carelessly and negligently failed to remove ice and snow from the steps of said bus; and

(b) carelessly and negligently failed to warn plaintiff of the presence of ice and snow on the steps of said bus."

Thereafter, defendant served interrogatories upon plaintiff and, on August 20, 1980, plaintiff answered those interrogatories. The depositions of plaintiff, her daughter, and a witness to the accident in question, were then taken. The depositions showed the following uncontested facts: On January 2, 1979, plaintiff boarded one of defendant's buses with her daughter. On that date it was very cold and it had been snowing. There was snow on the ground, but the streets had

been plowed. The bus on which plaintiff was riding stopped close to the curb at her stop. As plaintiff stepped down onto the first step in order to leave the bus, she slipped on the slush on that step. At that time, plaintiff was holding onto the handrail. However, she was unable to stop her downward motion, and she then fell inside the bus, hit the step, and then landed on the ground outside the bus. Plaintiff stated that her lower back came in contact with the aforesaid step as she fell. Once she had been helped to her feet by another passenger, the bus drove away. A myelogram of plaintiff's lower back showed that she had a herniated disk.

On April 26, 1985, defendant filed a motion for summary judgment, pursuant to section 2—1005(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(b)). That motion contended that the aforesaid depositions were uncontradicted; that plaintiff slipped and fell on a natural accumulation of snow that had accumulated on the steps of one of defendant's buses; that, pursuant to Illinois law, injuries sustained as a result of a slip and fall because of natural accumulations of ice and snow are not compensable as a matter of law; that because of this fact plaintiff would not be able to meet her burden of proving that defendant negligently caused the injuries complained of by plaintiff; and that under such circumstances defendant was entitled to summary judgment as a matter of law since no issue of material fact existed as to the liability of defendant.

Plaintiff filed a response to the motion for summary judgment on September 23, 1985. That response pointed out that defendant, as a common carrier, owed a high degree of care to plaintiff; that in view of such a high degree of care, it was evident that the trier of fact could readily find that defendant had breached that duty by failing to remove the slush or to warn plaintiff; and that, under such circumstances, defendant was not entitled to a summary judgment.

The hearing on that motion took place on March 10, 1986. After hearing the arguments of counsel, the trial court granted a summary judgment in favor of defendant. In entering that judgment, the trial court stated:

"To provide against the danger from this source would require a large, special force involving enormous expense. The rule of nonliability for natural accumulations of ice and snow is predicated upon the fact that it is unreasonable to compel a municipality to expend money and perform the labor necessary to keep its property free from natural accumulations of ice and snow during winter months *** It would be unrealistic and unreasonable to compel a large municipal transit authority to re-

move water, snow, and slush from the steps and floors of its buses and trains tracked in by its passengers as a consequence of inclement weather conditions. The required expenditure of labor and funds for this purpose would be prohibitive. Placing such a burden upon an entity like the C.T.A. would virtually require the mopping of the steps and floors after each stop at which passengers boarded their vehicles are [*sic*] prohibitively expensive if not an impossible task. The alternative would be to cease operations of the public transit system each time it rained or snowed.

But the public interest demands that regular and affordable transportation be available 365 days a year. The public interest so far out shadows the rights of passengers to insist that the steps and floors of buses be at all times kept free of snow, water and slush tracked in by other passengers that the contest is not even a close one.

\* \* \*

This court finds that as a matter of law that the high degree of care that the defendant, C.T.A., owes to its passengers does not include a duty to keep the steps and aisles of its buses clear of natural accumulations of water, snow or slush when the accumulations result from the substances being tracked into the buses by its own passengers."

As stated above, plaintiff contends on appeal that the trial court erred in granting summary judgment for defendant since there existed a factual question as to whether defendant should have removed the snow and slush from the steps of its bus, or should have at least warned plaintiff of that condition as she attempted to alight from the bus.

The issue for review, therefore, is whether or not the defendant, as a common carrier, had a duty to remove ice, snow, and slush from the steps of its public buses or to at least warn passengers of the existence of those conditions.

■■ Pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c)), a trial court may grant a party's motion for summary judgment "if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In making that determination, the trial court must consider the entire record and construe the evidence strictly against the moving party and liberally in favor of the opposing party. In order to prevail in a negligence

action, a plaintiff must prove that defendant owed a duty to him, that defendant breached that duty, and his injury proximately resulted from that breach. (*Gill v. Chicago Park District* (1980), 85 Ill. App. 3d 903, 905, 407 N.E.2d 671.) Discovery depositions may be used in the context of a summary judgment proceeding for any purpose for which an affidavit may be used. 87 Ill. 2d R. 212(a)(4).

■ The existence of a duty is a question of law to be determined by the court. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 555, 328 N.E.2d 538.) But, the question of whether the duty was properly performed is a question for the trier of fact. (*Johnson v. Hoover Water Well Service, Inc.* (1982), 108 Ill. App. 3d 994, 1003, 439 N.E.2d 1284.) On appeal, a court of review will reverse an order granting summary judgment only if it determines that a material question of fact existed and that the moving party is accordingly not entitled to a judgment as a matter of law. *Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 793, 450 N.E.2d 1286.

It is well established that a particular standard of care is imposed on those involved in four "special relationships" which are described in section 314A of the Restatement of Torts (Restatement (Second) of Torts sec. 314A (1965)). The four special relationships which give rise to a duty to protect another from harm are: (1) carrier-passenger, (2) inn keeper-guest, (3) business invitor-invitee, and (4) voluntary custodian—protecting under certain limited circumstances. *Garrett v. Grant School District No. 124* (1985), 139 Ill. App. 3d 569, 575, 487 N.E.2d 699.

In the business invitor-invitee category it has been held that the business invitor owes the invitee only reasonable or ordinary care. (See generally *Davis v. South Side Elevated R.R. Co.* (1920), 292 Ill. 378, 383, 127 N.E. 66.) In that area of law, it has been held that natural accumulations of ice and snow, which were not caused or aggravated by the business or property owner, are not a basis for liability. (See *Zide v. Jewel Tea Co.* (1963), 39 Ill. App. 2d 217, 222-223, 188 N.E.2d 383.) Consequently, the owner of a business has no duty to remove or take other precautions against dangers inherent in natural accumulations of snow and ice. See *Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 896, 433 N.E.2d 713.

In *DeMario v. Sears, Roebuck & Co.* (1972), 6 Ill. App. 3d 46, 49-50, 376 N.E.2d 454, this court held that the natural-accumulation rule supported a directed verdict or a judgment notwithstanding the verdict in favor of the defendant-store owner who had been sued by a patron after she had fallen on slush as she was entering defendant's store. The evidence in that case indicated that the steps and sidewalk

upon which the plaintiff fell had been previously cleared of snow in a nonnegligent fashion by one of defendant's employees and that the slush which was present at the location at the time of the injury had been tracked into that area by other patrons.

In *Brunet v. S. S. Kresge Co.* (7th Cir. 1940), 115 F.2d 713, 715, the court of appeals, applying Illinois law, held that a plaintiff who fell on slush on stairs inside the defendant/business owner's premises was barred from recovery by the natural-accumulation rule. The sole claim by the plaintiff in that case was that defendant negligently permitted its stairway to become slippery and wet and in a dangerous condition. Another case involving a fall on wet stairs from tracked-in water was *Sears, Roebuck & Co. v. Johnson* (10th Cir. 1937), 91 F.2d 332, 339. In that case the court stated:

> "If what was shown in this case was sufficient to permit recovery, it would require store owners to have a mopper stationed at the doors on rainy days for the sole purpose of mopping up after every customer entering or leaving the premises. Every store owner would be required to be an insurer against such accidents to public invitees who came in on rainy days with wet shoes."

The natural-accumulation rule has been specifically applied to defendant. (See *Walker v. Chicago Transit Authority* (1980), 92 Ill. App. 3d 120, 122, 416 N.E.2d 10.) However, we must point out that *Walker* involved a fall within one of defendant's stations, and consequently, the duty required of defendant under those circumstances was simply a duty to exercise reasonable care. In *Walker*, defendant was not acting as a common carrier, but as a business-invitor when the accident occurred.

Defendant maintains that the natural-accumulation rule should be applied to the present situation. However, the present matter involves the carrier-passenger category. A carrier is held to a higher degree of care than is a business-invitor. In fact, the carrier owes the highest degree of care to its passengers. (See *Garret v. Grant School District No. 124* (1985), 139 Ill. App. 3d 569, 575, 487 N.E.2d 699.) Common carriers have been held to have violated that duty where: (1) a passenger was injured by exhaust fumes (*Hanson v. Chicago Transit Authority* (1977), 56 Ill. App. 3d 17, 21, 371 N.E.2d 884); (2) where a passenger, an off-duty police officer, was shot by another passenger (*Martin v. Chicago Transit Authority*) (1984), 128 Ill. App. 3d 837, 839-40, 471 N.E.2d 544); (3) where a passenger was never allowed to alight from the carrier safely (*Pharr v. Chicago Transit Authority* (1984), 123 Ill. App. 3d 205, 208, 462 N.E.2d 753); and (4) where a

passenger was assaulted by a fellow passenger (*McCoy v. Chicago Transit Authority* (1977), 69 Ill. 2d 280, 285-289, 371 N.E.2d 625). However, this court in *Van Cleave v. Illini Coach Co.* (1951), 344 Ill. App. 127, 129, 100 N.E.2d 398, made the following statement about a carrier's duty:

"[I]t was the duty of the defendant to operate the bus with the highest degree of care consistent with the practical operation of the bus." 344 Ill. App. 127, 129, 100 N.E.2d 398.

The question then becomes whether or not the high degree of care owed to the passenger includes removing snow and slush from its steps which has been tracked in by other passengers. Plaintiff has pointed out several older cases which indicate that defendant as a common carrier should be held to such a high degree of care. In *Hughes v. Chicago Transit Authority* (1952), 348 Ill. App. 394, 108 N.E.2d 821 (abstract of opinion), the plaintiff was injured while alighting from a street car when she stepped onto an icy, slippery step near the rear platform of the car and then fell to the street. This court held that in view of the witnesses' testimony that the step in question was very icy and covered with slush, the verdict in favor of plaintiff was not against the manifest weight of the evidence. *Kiesel v. Chicago Transit Authority* (1955), 6 Ill. App. 2d 13, 126 N.E.2d 170, involved an icy condition on the street rather than on the bus. In making its finding in *Kiesel*, this court noted that the icy condition prevailed everywhere on the street on the date of the accident in question. Because of that fact, this court agreed that defendant could not be held liable for plaintiff's injuries. (6 Ill. App. 2d 13, 17, 126 N.E.2d 170.) However, in making that determination, the court noted specifically that there was no evidence of ice on the platform or on the steps of the bus. (6 Ill. App. 3d 13, 18, 126 N.E.2d 170.) This statement indicates that, if the icy condition had been present on the steps of the bus, it was possible in the court's opinion that defendant could have been properly charged for such injuries, and therefore, the result of the appeal would have been different.

■ Even though a common carrier is held to a higher degree of care than a business-invitor and even though plaintiff has cited some case authority which suggests that defendant could be held liable under the present circumstances, we feel that it is impractical to impose such a duty upon every CTA driver who operates a bus or elevated train during the winter months. Requiring defendant's drivers to remedy a slushy condition on their steps which was brought about by snow being tracked into their vehicles by patrons would bring the transit system to a complete standstill. Therefore, we agree with the

272

trial court that it is totally impracticable to impose such a duty upon defendant. Since there is no duty to remove slush and snow from the steps of its vehicles, defendant's drivers were under no duty to warn passengers of such conditions, especially since such conditions are readily apparent. Accordingly, since no duty existed, we must conclude that the trial court acted properly when it entered summary judgment in favor of defendant.

For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and CAMPBELL, J., concur.