HENRY J. SCHMID, JR., APPELLEE AND CROSS-APPELLANT, V. MALCOLM SCHOOL DISTRICT, A NEBRASKA POLITICAL SUBDIVISION, APPELLANT AND CROSS-APPELLEE.

447 N.W.2d 20

Filed October 20, 1989.    No. 87-483.

Alan L. Plessman for appellant.

Joseph K. Meusey, of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from a judgment of the district court for Lancaster County in favor of Henry J. Schmid, Jr., plaintiff-appellee, in his negligence action against Malcolm School District, defendant-appellant.

Schmid sustained personal injuries when his vehicle collided with a Malcolm School District schoolbus. The district stipulated that it was negligent, through its employee, and that its negligence was the sole proximate cause of appellee's injuries. Trial was had on the issue of damages. The trial court found the damages to be $25,000 and entered judgment in that amount in favor of Schmid. The district did not file a motion for new trial, but timely appealed from the judgment.

The district assigns error in the trial court's action in finding the evidence was sufficient to support its judgment. In support of its sole assignment of error, the district contends that Schmid failed to submit any evidence of compliance with the Political Subdivisions Tort Claims Act, then Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983), now Neb. Rev. Stat. §§ 13-901 et seq. (Reissue 1987) (hereinafter referred to as the Tort Claims Act or the Act). The district's contention is without merit, and we affirm the judgment of the trial court.

The determination of compliance with the Tort Claims Act is a factual determination. The findings of fact of the trial court will not be reversed on appeal unless clearly wrong. *Engleman v. Nebraska Public Power Dist.*, 228 Neb. 788, 424 N.W.2d 596 (1988). In reviewing the findings of the trial court, we presume the court resolved any controverted facts in favor of the successful party, and we will consider the evidence and permissible inferences therefrom most favorably to that party. *Fisbeck v. Scherbarth, Inc.*, 229 Neb. 453, 428 N.W.2d 141 (1988).

The trial court had before it a record of Schmid's compliance with the Tort Claims Act. Although Schmid did not submit evidence of compliance with the Tort Claims Act at trial, the district's answer admitted that the negligence action was brought "pursuant to" the Tort Claims Act. In paragraph II of his petition, Schmid alleged, "This action is brought pursuant to the Political Subdivisions Tort Claims Act as enacted by the

State of Nebraska, Neb. Rev. Stat. §§ 23-2401 to -2420 (1983 & Cum.Supp. 1984)." In paragraph 1 of its answer, the district specifically admitted the allegation contained in paragraph II of the petition. As we stated in *State ex rel. Douglas v. Morrow*, 216 Neb. 317, 322, 343 N.W.2d 903, 906 (1984), "Admissions contained in a defendant's answer are judicial in nature and waive all controversy concerning the matter." We presume the trial court relied on this admission in entering judgment in favor of Schmid. The issue is whether, considering the admission and permissible inferences therefrom most favorably to Schmid, the trial court was clearly wrong in inferring from the answer that the district admitted Schmid's compliance with the Tort Claims Act. The petition stated that the action was brought "pursuant to" the Tort Claims Act. Webster's Third New International Dictionary, Unabridged 1848 (1981), defines "pursuant to" as "in the course of carrying out: in conformance to or agreement with: according to." Under the circumstances, the trial court could reasonably infer that an admission that the action was brought "pursuant to" the Tort Claims Act was an admission that it was brought in complete "conformity" with the Tort Claims Act.

This inference of conformity or compliance is particularly compelling when the phrase "pursuant to" is used with reference to the Tort Claims Act, which is procedural in nature. The Tort Claims Act is not part of Schmid's cause of action in negligence, but sets out the procedural means through which the district waives its sovereign immunity. Without compliance with the procedural requirements of the Tort Claims Act, the political subdivision's sovereign immunity applies, and not the Tort Claims Act. A plaintiff who sues a political subdivision for negligence and has not complied with the procedures in the Tort Claims Act could not be said to have properly brought an action pursuant to the Act, because it would not apply.

Arguably, a statement that an action was brought pursuant to the Tort Claims Act could be interpreted as referring only to the fact that the Act is relevant to the action, but that does not mean under these circumstances that the court erred in inferring that the admission referred to complete compliance. The district, which was well aware of the procedural conditions to

bringing tort actions against it, never challenged compliance with the Act either by summary judgment, motion for a directed verdict, motion for a new trial, or otherwise. We are not holding that the phrase "pursuant to" necessarily implies complete conformity, but, rather, we hold that in considering the admission and the inferences therefrom, in this case, in a light most favorably to Schmid, the trial court was not clearly wrong in finding that the district's admission that the action was brought pursuant to the Tort Claims Act was sufficient record of compliance with the Act. The judgment of the trial court is affirmed.

Appellee's cross-appeal "for attorneys' fees and expenses incurred as a result of Appellant's appeal to the Nebraska Supreme Court" is not a cross-appeal, but a motion seeking fees in this court. Fees can be awarded in this court if the appeal is frivolous. Under the circumstances of this case, we do not feel the appeal can be considered frivolous. Appellee's motion for fees is denied.

AFFIRMED.

BOSLAUGH, J., concurs.