Lillie Mae BROOKS,
Plaintiff–Appellant,

v.

BI–STATE DEVELOPMENT AGENCY,
Defendant–Respondent.

No. 72019.

Supreme Court of Missouri,
En Banc.

March 13, 1990.

Rehearing Denied April 17, 1990.

Elbert A. Walton, Jr., St. Louis, for plaintiff-appellant.

Paul J. Passanante, Joan M. Tanner, Alif A. Williams, Harold L. Whitfield, St. Louis, for defendant-respondent.

BLACKMAR, Chief Justice.

The plaintiff had a verdict for a slip and fall on the steps of a bus from which she was alighting. The trial court sustained the defendant's motion for judgment notwithstanding the verdict but denied its motion for new trial. The court of appeals affirmed. We granted transfer and, taking the case as on initial appeal, reverse and remand for a new trial.

The accident occurred about 10:00 A.M. on February 27, 1984. Snow had been falling for two hours. The driver had placed salt on the steps at the beginning of the run. Snow continued to fall during the run. The plaintiff did not see anything on the steps before or after she fell, but a passenger seated in the first seat facing the driver on the right-hand side testified that she saw "snow and salt" at the time the plaintiff left the bus, and a police officer who arrived soon after the fall observed "snow and water on the steps." It is interesting that the driver testified on deposition that "the company policy is, we say less as possible to the police officers, if the supervisor is not there."

The plaintiff's verdict directing instruction reads as follows:

Your verdict must be for plaintiff if you believe:

First, there was snow on the steps or floor of defendant's bus and as a result the floor or steps were not reasonably safe for passengers, and

Second, plaintiff did not know and by using ordinary care could not have known of this condition, and

Third, defendant knew or by using ordinary care could have known of this condition, and

Fourth, defendant failed to use ordinary care to remove it or to warn of it, and

Fifth, as a direct result of such failure, plaintiff was injured.

The phrase "ordinary care" as used in this instruction means that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

■ The trial judge accompanied his ruling with a memorandum opinion in which he concluded that the defendant had no duty to keep the steps free of snow and ice during a snow storm, citing *Swiastyn v. St. Joseph Light & Power Company,* 459 S.W.2d 24 (Mo.App.1970).

The verdict director submitted, disjunctively, negligence in failing to remove snow and in failing to warn of the danger. The plaintiff virtually concedes that the defendant could not be expected to remove snow

as it fell, and now concentrates on the duty to warn. We agree that the *Swiastyn* case is on point on the duty to remove and believe that it states sound law. *See also Serritos v. Chicago Transit Authority,* 153 Ill.App.3d 265, 106 Ill.Dec. 243, 505 N.E.2d 1034 (1987); *Bray v. D.C. Transit Authority System, Inc.,* 179 A.2d 387 (D.C. 1962). Inasmuch as the verdict director submitted a ground of negligence that is not legally supportable, it was erroneously given.

 We conclude, however, that the plaintiff was entitled to submit her case to the jury on a theory of failure to warn. This issue was not submitted in *Swiastyn.* The jury could conclude that the snow and salt seen by the passenger from her position on the bus could also be seen by the driver. The dangers from accumulated snow on the steps are patent, and the carrier has a duty to warn of known dangerous conditions.[1] The jury could also infer that the snow on the step caused the fall. It could conclude from the evidence that there was a dangerous condition, known or knowable by the defendant, which should have been the subject of a warning.

The defendant suggests that the plaintiff had as good an opportunity as the driver to observe the condition of the steps, citing, among other cases, *Serritos.* A claim of this kind would not preclude recovery but is appropriately addressed to the jury in a comparative negligence submission, which was not submitted at the trial. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983); *Cox v. J.C. Penney Co.,* 741 S.W.2d 28 (Mo. banc 1987); *Patton v. May Department Stores,* 762 S.W.2d 38 (Mo. banc 1988).

Because there was a viable alternative theory of negligence, the trial judge erred in entering judgment n.o.v. He could, and should, have sustained the motion for new trial, because the verdict director was erroneous and the defendant's motion for new trial properly pointed out the error. We

are entitled to direct the disposition that the trial court should have made. Rule 84.14.

The new trial will be limited to the issue of liability. The defendant's brief makes no claim of error relating to the damage issue, and there is no need to retry that portion of the case. *Honeycutt v. Missouri Pac. R. Co.,* 440 S.W.2d 481 (Mo. 1969); *Mullen v. St. Louis Public Service Co.,* 389 S.W.2d 838 (Mo. banc 1965).

The judgment for the defendant is reversed and the case is remanded for new trial on the question of liability.

All concur.

---

1. *Pierce v. St. Louis Public Service Company,* 380 S.W.2d 943 (Mo.App.1964). *See also Alvely v. Sears, Roebuck and Company,* 360 S.W.2d 231 (Mo.1962); *Wilson v. Kansas City Public Service Co.,* 238 S.W.2d 73 (Mo.App.1951); *Beahan v. St. Louis Public Service Co.,* 213 S.W.2d 253 (Mo. App.1948).