DELORIS ANDERSON, APPELLANT, V. THE TRANSIT AUTHORITY OF THE CITY OF OMAHA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

491 N.W.2d 311

Filed October 23, 1992.    No. S-89-1464.

Lowell R. Johnson and Dennis E. Martin, of Martin & Martin, P.C., for appellant.

Eric H. Lindquist and Timothy M. Kenny, of Abrahams, Kaslow & Cassman, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The plaintiff, Deloris Anderson, was injured on February 5, 1986, when she fell while stepping off a bus operated by the defendant, The Transit Authority of the City of Omaha. She brought this action, pursuant to the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 through 13-926 (Reissue 1987), to recover damages for her injuries.

The trial court found in favor of the defendant. The plaintiff has appealed and contends that the trial court erred in finding that she failed to prove that the defendant had committed the slightest negligence in connection with its business and in admitting into evidence the depositional testimony of a passenger on the bus.

The findings of the trial court in an action under the Political Subdivisions Tort Claims Act have the effect of jury findings and will not be disturbed on appeal unless clearly wrong. *Stauffer v. School Dist. of Tecumseh*, 238 Neb. 594, 473 N.W.2d 392 (1991); *Kumar v. Douglas County*, 234 Neb. 511, 452 N.W.2d 21 (1990); *Ohnstad v. Omaha Public Sch. Dist. No. 1*, 232 Neb. 788, 442 N.W.2d 859 (1989). Thus, in reviewing the findings of the trial court, we presume that the court resolved any controverted facts in favor of the successful party, and we consider the evidence and permissible inferences therefrom most favorably to that party. *Schmid v. Malcolm Sch. Dist.*, 233 Neb. 580, 447 N.W.2d 20 (1989).

The record shows that at approximately 7:15 a.m. on February 5, 1986, the plaintiff boarded the defendant's bus at 30th and California Streets in Omaha after completing her shift as an admitting clerk at St. Joseph Hospital. The bus then made several stops before arriving at 19th and Douglas Streets, where the plaintiff intended to transfer to another bus and continue on her way home from work. When the plaintiff attempted to step off the bus at 19th and Douglas Streets, she fell and broke her ankle. The plaintiff testified that she slipped on ice or slush which had accumulated on the steps of the bus. The defendant's busdriver, Ernest White, testified that the plaintiff appeared to stumble as she was leaving the bus.

According to the plaintiff, after she fell she observed 2 to 4 inches of packed slush and ice which had accumulated at the back of the step where she had fallen. White testified that he observed a "small amount" of slush on the steps immediately before the plaintiff attempted to leave the bus.

That morning, before beginning his route at 6:40 a.m., White had placed sand on the steps of the bus because of the likelihood of snow on that day. Approximately 10 minutes after White started his route, it began to snow, and it continued to snow, sometimes heavily, until the time when the plaintiff fell. White remembered using a long-handled scraper to clean the steps of the bus at the corner of 40th and Lake Streets and again at the corner of 33d and Burt Streets. It is apparent that these two instances in which White cleaned the steps occurred prior to the time that the plaintiff entered the bus. The plaintiff testified that White did not clean the steps of the bus at any time while she was aboard it. White did not remember cautioning the plaintiff regarding the slush on the steps, and the plaintiff's testimony indicates that he did not caution her.

In arriving at its decision, the trial court considered the depositional testimony of Janet Frahm, a passenger on the bus who had observed the plaintiff's fall. The defendant contends that Frahm was "unavailable" as a trial witness because although she had been subpoenaed, she planned to attend a funeral on the morning that she was scheduled to appear at the trial.

According to Frahm's depositional testimony, White did use

a scraper to clean the steps at 30th and Douglas Streets, only 3 to 4 minutes prior to the plaintiff's fall, while the plaintiff was a passenger on the bus. In her deposition, Frahm also testified that White did caution passengers to "be careful" and "watch your step" when leaving the bus.

In the November 8, 1989, order dismissing the plaintiff's petition, the district court stated:

> The negligence claim by the Plaintiff is based on the Defendant's allowing "ice and slush" to accumulate on the steps and further failing to warn the Plaintiff of this condition. . . .
>
> . . . .
>
> The evidence shows that the Defendant's agent, the bus driver Ernest White, attempted to "make sure the steps are as clear as much as he could" and cleaned the steps "as necessary". *He further testified . . . that he scraped the steps at least two times between the time the Plaintiff entered and exited the bus.* This testimony and the question of warnings by the bus driver were supported by the testimony of Janet Frahm. . . . The Plaintiff testifies to the contrary relative to warnings and the cleaning of the steps.
>
> The burden is upon the Plaintiff to prove by a preponderance of the evidence or by the greater weight of the evidence that the Defendant committed the slightest negligence consistent with its business. See *Serritos v. Chicago Transit Authority,* [153 Ill. App. 3d 265, 505 N.E.2d 1034 (1987)]. The Court finds by a review of the totality of the evidence in this record, that the Plaintiff has failed to do so.

(Emphasis supplied.)

The plaintiff first contends that the trial court erred in finding that she had failed to prove that the defendant had committed the slightest negligence consistent with its business. She points out that common carriers such as the defendant are required to exercise the utmost skill, diligence, and foresight consistent with the business in which they are engaged for the safety of their passengers and are liable for the slightest negligence proximately causing injury. *Pruitt v. Lincoln City*

*Lines*, 147 Neb. 204, 22 N.W.2d 651 (1946). However, common carriers are not held to the strict liability of insurers. *Ware v. Yellow Cab, Inc.*, 193 Neb. 159, 225 N.W.2d 565 (1975).

In arguing that the judgment should be affirmed, the defendant cites *Serritos v. Chicago Transit Authority*, 153 Ill. App. 3d 265, 505 N.E.2d 1034 (1987), *appeal denied* 116 Ill. 2d 576, 515 N.E.2d 127, the case which the district court cited in the order dismissing the plaintiff's petition. *Serritos* involved a factual situation very similar to that presented in this appeal. In the *Serritos* case the Appellate Court of Illinois determined that the Chicago Transit Authority, the defendant in that case, had no duty to clear accumulations of snow and slush from bus steps. The court reasoned:

> Even though a common carrier is held to a higher degree of care than a business-invitor . . . we feel that it is impractical to impose such a duty upon every CTA driver who operates a bus or elevated train during the winter months. Requiring defendant's drivers to remedy a slushy condition on their steps which was brought about by snow being tracked into their vehicles by patrons would bring the transit system to a complete standstill. Therefore, we agree with the trial court that it is totally impracticable to impose such a duty upon defendant. Since there is no duty to remove slush and snow from the steps of its vehicles, defendant's drivers were under no duty to warn passengers of such conditions, especially since such conditions are readily apparent.

*Serritos v. Chicago Transit Authority*, 153 Ill. App. 3d at 271-72, 505 N.E.2d at 1039.

The defendant suggests that the rule applied in *Serritos* should be adopted and followed in Nebraska. However, we believe that a rule which would permit a bus operator to do nothing while excessive amounts of snow, ice, and slush accumulated on the steps of the vehicle would be inconsistent with the rule stated in *Pruitt v. Lincoln City Lines, supra.* Reasoning which is consistent with *Pruitt* is presented in *Bradford v. Milwaukee & Suburban Transport Co.*, 25 Wis. 2d 161, 130 N.W.2d 282 (1964), in which the court stated:

> While a certain amount of snow and slush is to be

expected in the entrance of a bus on a winter day when the streets and sidewalks are covered with snow, we cannot hold as urged by the defendant that the duty of the bus driver was fulfilled by only sweeping these steps off and sanding them at the end of a run. The accumulation of snow or slush on the steps forming ice renders the steps or is likely to render the steps of the bus slippery and thus unsafe during the run. A bus driver need not sweep and sand the steps at every stop but he does have a duty to ascertain and keep the bus entrances in a reasonably safe condition at all times . . . . This is not an impractical or an unreasonable requirement.

*Bradford*, 25 Wis. 2d at 165-66, 130 N.W.2d at 284. See, also, *Lesser v. MABSTOA*, 157 A.D.2d 352, 556 N.Y.S.2d 274 (1990) (a common carrier has a duty to exercise reasonable care and diligence to keep its bus steps reasonably clear of snow and packed slush).

Certainly a bus passenger cannot expect the steps of a bus to always be completely clean and dry in inclement weather, especially during the winter season, but a passenger is entitled to steps which are kept in a reasonably safe condition consistent with the weather conditions in which the bus is operating. Thus, we hold that a carrier such as the defendant is not required to remove any and all snow or slush which may accumulate on the steps of a bus during its operation, but the carrier does have a duty to diligently attempt to remove excessive accumulations of slush or snow which may pose an unreasonable risk to the safety of its passengers.

Furthermore, it is a carrier's duty to warn passengers of known dangerous conditions, see *Brooks v. Bi-State Development Agency*, 787 S.W.2d 713 (Mo. 1990). Such a warning may be accomplished through a simple sign which would serve to alert passengers of hazards which might exist on the steps of a bus.

In the order dismissing the plaintiff's petition, the trial court found that the plaintiff had failed to prove that the defendant had committed the slightest negligence consistent with its business and cited *Serritos v. Chicago Transit Authority, supra*. The trial court also made other factual findings which make the

basis for the trial court's decision unclear. If the trial court relied upon the rule stated in *Serritos* to dispose of the case, thereby holding that the defendant had no duty to clean the steps of the bus, the decision is erroneous. If the trial court determined that the defendant had carried out its duty to warn the plaintiff of the dangerous condition of the steps and its duty to remove excess snow and slush from the steps of the bus, the decision is erroneous because the record does not support the statement of the trial court concerning when the driver cleared the steps.

If the trial court relied upon *Serritos* and thus determined that the defendant had no duty to clean the steps of the bus or to alert Anderson to the possible danger posed by snow and slush on the steps of the bus, it is clear that the judgment must be reversed and the cause remanded for a new trial under the rule of law stated in this opinion.

If the trial court found that the defendant had complied with ·its duty to remove excessive snow and slush from the bus steps, it is apparent that the trial court relied upon a clearly erroneous factual finding to arrive at the decision. As a basis for the order dismissing the plaintiff's petition, the district court noted that busdriver White stated that "he scraped the steps at least two times between the time the Plaintiff entered and exited the bus." However, White did not testify that he cleaned the steps twice while Anderson was a passenger on the bus. Instead, White's testimony indicates that he cleaned the steps on two occasions prior to the time that Anderson entered the bus; White did not remember cleaning the steps while Anderson was a passenger on the bus.

Because the district court may have based its decision on either an incorrect rule of law or a clearly erroneous factual finding, we conclude that the cause must be remanded for a new trial.

Anderson also alleges that the trial court erred in admitting into evidence the depositional testimony of Janet Frahm. The parties stipulated that although the defendant had issued a subpoena for Frahm to appear, she would not appear on the scheduled date because she had to attend her grandmother's funeral on that day. The defendant argued that because she would fail to appear, Frahm was an unavailable witness under

Neb. Evid. R. 804. The defendant did not request a continuance so that Frahm could appear at a later time.

Rule 804(1)(e) permits the admission of depositional testimony when a declarant is "absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means." See rule 804(2)(a). It is not clear from the record that a formal offer was made or that Anderson's counsel ever objected to an offer of Frahm's depositional testimony.

In attempting to introduce Frahm's depositional testimony, counsel for the defendant stated:

> We have subpoenaed [Frahm] to appear to testify tomorrow at 9 a.m. I believe Mr. Martin spoke with her today and was informed that she was not going to comply with that subpoena and appear. Thus . . . I would like to offer certain excerpts from her deposition as an exception to the hearsay rules since she is now unavailable, since . . . she is not going to attend and honor that subpoena.

At the close of the defendant's evidence on October 12, 1989, the parties discussed the problem of the Frahm deposition with the trial court. According to the defendant's counsel, Frahm had been subpoenaed for the following day. The defendant proposed to offer excerpts from the deposition. The plaintiff's counsel stated that he wanted to "check the statutes" to see if the deponent was unavailable as a witness. The discussion ended with the trial court's stating that the deposition would be marked "tentatively" as the next exhibit. Counsel was then to call the trial court, "or stop over in the morning, and we'll work out this little procedural problem."

At the close of all the evidence, the trial court stated that "we'll take care of that in the morning." The deposition was marked exhibit 8, and copies highlighted by counsel appear as exhibits 8A and 8B in the record, but the record is silent as to what, if anything, happened on the following day.

The record is not sufficient to permit a resolution of the issues raised by the plaintiff's assignment of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.